## Commonwealth v. McVicker.

*James B. Landis,* District Attorney, and *D. R. Heckman,* for Commonwealth.
*F. A. Holbert,* for defendant.

BOOSE, P. J., June 21, 1930.—This is an appeal from a summary conviction and sentence by a justice of the peace. The defendant was arrested, tried, convicted and sentenced for a violation of section 2 of the Act of June 9, 1911, P. L. 861, as amended by the Act of April 27, 1925, P. L. 322, and further amended by the Act of May 4, 1927, P. L. 706, which provides:

"If any person shall willfully or maliciously cut bark from, or cut down, injure, destroy or remove a tree . . . growing or standing upon the land of another, without the consent of the owner; . . . such person on conviction thereof in a summary proceeding before any . . . justice of the peace, shall be sentenced to pay a fine of not less than twenty-five ($25) dollars and costs of prosecution for each such tree. . . ."

From the evidence taken at the trial of this appeal, it appears that the prosecutor, Dr. C. T. Saylor, and the defendant, A. E. McVicker, live upon adjoining lots or properties fronting on Main Street, in the Borough of Rockwood, separated by a public alley about sixteen feet in width, running back the full length of their lots, and intersecting with another public alley on the rear thereof. On Dec. 18, 1929, the prosecutor left his automobile standing in this alley alongside of his property; and the defendant, desiring to drive into this alley with his automobile to the rear of his lot, and claiming that the said alley was obstructed by the prosecutor's car, drove over onto the prosecutor's lot and over a catalpa tree standing and growing thereon, and shortly thereafter drove his car out of said alley and again over said tree, thereby injuring and destroying the same. The facts are not in dispute, and the defendant seeks to justify his acts in driving over said tree under a claim of right to use said alley unobstructed.

Assuming, therefore, that the defendant committed the acts complained of, is he guilty of a violation of the act of assembly under which he was tried,

convicted and sentenced? The Act of June 9, 1911, P. L. 861, is entitled "An act to protect trees and woodlands, and providing punishment for the violation thereof." The purpose of this act and its amendments is to protect woodlands, trees and shrubs growing thereon. It does not embrace and has no application to fruit or ornamental trees, such as the defendant is alleged to have injured and destroyed. Fruit or ornamental trees and shrubs are, however, under the protection of the law. The penalty, as well as the mode of procedure, for mutilating or damaging such trees or shrubs is prescribed by the Act of June 18, 1895, P. L. 196, which amends section 1 of the Act of June 8, 1881, P. L. 82, which repealed the Act of March 30, 1860, P. L. 362, as to the punishment and mode of procedure. The prosecutor's remedy was under this act and not under the Act of June 9, 1911, P. L. 861, and its amendments. All that we need or do decide is that the defendant is not guilty, under the admitted facts, of a violation of the latter act. Upon the trial of an appeal from a summary conviction, the complaint or information stands in lieu of a bill of indictment; and the court cannot go beyond it and determine the guilt or innocence of the defendant of any offense not therein specifically set forth.

### Decree.

And now, June 21, 1930, the defendant is adjudged not guilty of a violation of section 2 of the Act of June 9, 1911, P. L. 861, as amended by the Act of May 4, 1927, P. L. 706; and the appeal is, therefore, sustained.